IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 06-cv-02088-MSK-BNB

ROBERTA SILVER,

Plaintiff,

v.

PRIMERO REORGANIZED SCHOOL DISTRICT NO. 2,
MICHAEL SPARACO,
DANIEL NUSCHY, JR., and
HEIDI DASKO,

Defendants.

_____

## ORDER
_____

This matter is before me on the following:

(1)     **Motion for Attorney's Fees** [Doc. # 57, filed 9/5/2007] ("Sparaco's Motion for

Fees") filed by defendant Michael Sparaco; and

(2)     **Motion for Attorney's Fees** [Doc. # 60, filed 9/10/2007] ("Dasko's Motion for

Fees") filed by defendant Heidi Dasko.

I held a hearing on the motions on January 14, 2008, and took them under advisement.  I

now GRANT the motions and award attorney fees to Sparaco in the amount of $14,988 and to

Dasko in the amount of $26,885.

### Background

The facts and procedural history of this case are set out in the district judge's Opinion and

Order Granting, In Part, Motions to Dismiss [Doc. # 53, filed 8/22/2007], and I will not repeat

them here.  Suffice it to say that the district judge granted motions dismissing all claims asserted

against defendants Sparaco and Dasko, and that those claims sounded exclusively in tort.

Dismissal as to each of those defendants was pursuant to motions made under Rule 12(b), Fed. R.

Civ. P.

## Legal Standard

Sparaco and Dasko now seek an award of their attorney fees pursuant to section 13-17-

201, C.R.S., which provides:

> In all actions brought as a result of a death or an injury to person or
> property occasioned by the tort of any other person, where any
> such action is dismissed on motion of the defendant prior to trial
> under rule 12(b) of the Colorado rules of civil procedure, such
> defendant shall have judgment for his reasonable attorney fees in
> defending the action.  This section shall not apply if a motion under
> rule 12(b) of the Colorado rules of civil procedure is treated as a
> motion for summary judgment and disposed of as provided in rule
> 56 of the Colorado rules of civil procedure.

Although the statute is expressly applicable when dismissal is pursuant to the Colorado

state rule, it has been construed to apply equally when dismissal is under the analogous federal

rule.  Jones v. Denver Post Corp., 203 F.3d 748, 757 (10th Cir. 2000) (holding that section 13-

17-201 is substantive law of the forum state requiring the mandatory award of attorney fees when

a federal court dismisses an action under Fed. R. Civ. P. 12(b)); Graymore, LLC v. Gray, 2007

WL 4062706 at *4 (D. Colo. Nov. 15, 2007) (same).  In addition, the award of attorney fees is

mandatory when dismissal is pursuant to a motion to dismiss under Rule 12(b), Smith v. Town of

Snowmass Village, 919 P.2d 868, 873 (Colo. App. 1996), and when all claims against the

defendant are dismissed, even though other claims remain pending as against another defendant.

Id. (holding that section 13-17-201, "by using the term 'defendant' in the singular, necessarily

applies to each defendant who has an action against it dismissed pursuant to [Rule 12(b)]");

accord Jones v. Haga, 2007 WL 433126 at *2 (D. Colo. Feb. 2. 2007) (holding that "a defendant

must prevail on the entire action as to that defendant under Rule 12(b), and on no other grounds,

in order to recover fees" under section 13-17-201).

The burden of proof rests on the party requesting an award of attorney fees to show by a

preponderance of the evidence that he or she is entitled to an award. Jones v. Haga, 2007 WL

433126 at *1. In Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998),[1] the Tenth

Circuit Court of Appeals reviewed the approach to be used in calculating an award of attorney

fees, stating:

> To determine the reasonableness of a fee request, a court must
> begin by calculating the so-called "lodestar amount" of a fee, and a
> claimant is entitled to the presumption that this lodestar amount
> reflects a "reasonable" fee. The lodestar calculation is the product
> of the number of attorney hours "reasonably expended" and a
> "reasonable hourly rate."

The analysis has two components: first, whether the hours billed "were 'necessary' under

the circumstances," id.; and second, whether the hourly rate charged "is the prevailing market rate

in the relevant community." Guides, Ltd. V. Yarmouth Group Property Management, Inc., 295

F.3d 1065, 1078 (10th Cir. 2002). A court may decline to award fees for hours claimed where

the time was not "reasonably expended on the litigation" or where the documentation offered in

support of the fee application is inadequate. Hensley v. Eckerhart, 461 U.S. 424, 434 (1983). To

be adequate, the documentation supporting the fee application must include "meticulous,

contemporaneous time records," as follows:

---

[1]Robinson involved an attorney fee award under 42 U.S.C. § 1988. The approach also is
appropriate under section 13-17-201, C.R.S.

> These records must reveal for each lawyer for whom fees are
> sought, all hours for which compensation is requested and how
> those hours were allotted to specific tasks--for example, how many
> hours were spent researching, how many interviewing the client,
> how many drafting the complaint, and so on.

Ramos v. Lamm, 713 F.2d 546, 553 (10th Cir. 1983).  Parties should not seek compensation

where they utilize a block billing process that does not precisely delineate how hours were allotted

to specific tasks.  Jones v. Haga, 2007 WL 433126 at *2 (citing Cadena v. Pacesetter Corp., 224

F.3d 1203, 1215 (10th Cir. 2000)).

I have carefully reviewed the lawyers' hours claimed by Sparaco and Dasko, and I have

eliminated those hours that were not reasonably expended on the litigation.  In addition, I have

eliminated all hours claimed in billing blocks where some time was reasonably expended on the

litigation but other time was not and I am unable to untangle the awardable time from that where

an award would be improper.

### Sparaco's Application

I have disallowed the following time claimed by Sparaco because it concerned client

development efforts or work setting up a file which should be considered unrecoverable law firm

overhead, see Optinrealbig.com, LLC v. Infinite Monkeys& Co., LLC, 2007 WL 809797 at *1

(D. Colo. March 15, 2007):

| Date | Hours | Staff |
|---|---|---|
| 10/3/2006 | .10 | MLN |
| 10/4/2006 | .10 | MLN |
| 10/6/2006 | .30 | KRW |
| 10/13/2006 | .60 | KRW |
| 10/16/2006 | .20 | NAO |
| 10/16/2006 | .20 | KRW |
| 10/19/2006 | 1.70 | NAO |
| 11/28/2006 | .30 | KRW |

I also have disallowed all time claimed for the work of legal assistants and paralegals because there is no showing that the work performed by them in this case "was traditionally performed by an attorney." See Alter Financial Corp. v. Citizens and Southern Int'l Bank of New Orleans, 817 F.2d 349, 350 (5th Cir. 1987). I also have disallowed the time claimed by J. Andrew Nathan, a senior partner at the law firm that represented Sparaco. That time, totaling 2.5 hours, was exclusively to review and revise materials. He had no other involvement in the case. Mr. Nathan's time appears to have been in the nature of quality control within the law firm, but in any event I find that it was not reasonably expended on the litigation.

I also have disallowed .80 hours billed by Karen Wells on January 9, 2007, because it is a block billing and includes time to "[r]eview fax from Plaintiff attaching Notice of Voluntary Dismissal of Defendant Langowski." The purpose of section 13-17-201, C.R.S., is to discourage unnecessary litigation of tort claims. Jones v. Haga, 2007 WL 433126 at *2. A party may escape the imposition of attorney fees under section 13-17-201 "by filing a confession to a motion to dismiss under Rule 12(b) in such a manner that defendant is not required to expend additional efforts beyond the filing of its motion." Brammer-Hoelter v. Twin Peaks Charter Academy, 81 F.

Supp.2d 1090, 1103 (D. Colo. 2000).  I find that it would be unfair and contrary to the purpose

of the statute to impose fees against the plaintiff for the time spent by Sparaco's lawyer in

reviewing a voluntary dismissal under the precise circumstances the statute was designed to

promote.

Finally, I have disallowed any fees charged after the date of the order of the district judge

granting dismissal of the claims against Sparaco.

To establish that the hourly rate charged is within the prevailing market rate in the relevant

community, the party seeking an award of its attorney fees must:

> [P]roduce satisfactory evidence--in addition to the attorney's own
> affidavits--that the requested rates are in line with those prevailing
> in the community for similar services by lawyers of reasonably
> comparable skill, experience and reputation.  A rate determined in
> this way is normally deemed to be reasonable and is referred to--for
> convenience--as the prevailing market rate.

Guides, Ltd. v. Yarmouth Group Property Management, Inc., 295 F.3d 1065, 1078 10th Cir.

2002) (quoting Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984)).

Where, as here, "a district court does not have before it adequate evidence of prevailing

market rates, the court may use other relevant factors, including its own knowledge, to establish

the rate."  Id. at 1079.  See Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1259 (10th Cir.

2005)(approving the district court's determination of the applicable hourly rate by "relying on its

knowledge of rates for lawyers with comparable skill and experience practicing" in the relevant

market); Bat v. A.G. Edwards & Sons, Inc., 2006 WL 446078 at *3 (D. Colo. Feb. 21, 2006)

(applying the technique approved in Guides, Ltd. and Praseuth).  I am familiar with the rates

charged by lawyers in the metropolitan Denver area.  I practiced law in the community for nearly

6

20 years, from 1981 through 2000.  In addition, I review fee applications as a part of my current responsibilities.  The hourly rates charged by Sparaco's lawyers--$140.00 by Karen Wells and $120 by Marni Nathan Kloster--are well within the prevailing market rate in the metropolitan Denver legal community for lawyers of comparable skill and experience.

Applying the applicable hourly rates to the approved hours results in an award of  attorney fees to Sparaco in the amount of $14,988.

### Dasko's Application

I have disallowed the following time claimed by Sparaco because it concerned client development efforts, work setting up a file, or the preparation of a budget for the client, all of which should be considered unrecoverable law firm overhead:

| Date | Hours | Staff |
|------|-------|-------|
| 10/3/2006 | 1.50 | MWS |
| 10/4/2006 | 1.00 | MWS |
| 10/5/2006 | .30 | MWS |
| 11/21/2006 | 3.00 | MWS |
| 12/15/2006 | 3.80 | MWS |
| 10/18/2006 | .80 | MWS |

I also have disallowed all time claimed for the work of paralegals because there is no showing that the work performed by them in this case "was traditionally performed by an attorney."  See Alter Financial Corp., 817 F.2d at 350.

The hourly rate of $160.00 charged by Dasko's lawyer is well within the prevailing market rate in the metropolitan Denver legal community for lawyers of comparable skill and experience.

Applying the applicable hourly rate to the approved hours results in an award of attorney fees to Dasko in the amount of $26,885.

## The Plaintiff's Opposition

The plaintiff resists the award of fees in the amounts claimed for several reasons. First, with respect to Dasko, the plaintiff notes that the same lawyer represented Dasko and another defendant (Primero Reorganized School District No. 2) which was not dismissed. The plaintiff argues that I may award fees only for that time which benefitted Dasko and that I may not award fees for the time that benefitted the school district. I find, however, that the work performed for the two clients is inextricably intertwined and that all work approved here benefitted Dasko.

In addition, the plaintiff argues that it was unreasonable for Sparaco and Dasko to be represented by separate counsel. According to the plaintiff, "it was unreasonable for the same attorney representing Defendant School District and Defendant Dasko to not represent Defendant Sparaco." Plaintiff's Response to Defendant Michael Sparaco's Motion for Attorney Fees [Doc. # 67, filed 9/25/2007] at ¶7. I disagree. A lawyer always faces the possibility of a conflict of interest when representing more than one client, and that is the explanation for the separate representation here. I am in no position on the record before me to second guess that decision.

## Conclusion

IT IS ORDERED that Sparaco's Motion for Fees is GRANTED. Sparaco is awarded his attorney fees in the amount of $14,988.

IT IS FURTHER ORDERED that Dasko's Motion for Fees is GRANTED. Dasko is awarded her attorney fees in the amount of $26,885.

Dated January 30, 2008.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge